## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| KIMBERLY ANN THOMAS,<br>            Plaintiff, | CASE NO. 1:18-cv-06460-SJ-CLP<br> ECF Case |
| vs. | |
| TRANS UNION, LLC, in its own<br>name and d/b/a TRANS UNION<br>RENTAL SCREENING SOLUTIONS,<br>INC. and TRANSUNION RENTAL<br>SCREENING SOLUTIONS, INC., in its<br>own name;<br>            Defendants. | **TRANS UNION, LLC'S ANSWER TO<br>PLAINTIFF'S COMPLAINT AND<br>AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### Preliminary Statement

1.       Plaintiff brings this action against Defendants to recover actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the New York Fair Credit Reporting Act, NY General Business Law §380 et seq. ("NY FCRA").

**ANSWER**:       Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  § 1681(a)(4).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate *or misleading* information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC,* 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (quoting *Koropoulos v. Credit Bureau, Inc.* 734 F.2d 37, 40 at fn. 4 (DC Cir. 1984) (citations omitted) (emphasis in original).  *See also, e.g., Porter v. Talbot Perkins Children's Servs.,* 355 F. Supp. 174, 176 (S.D.N.Y. 1973) ("The purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [the individual] in a consumer report that is being used as a factor in determining the individual's eligibility for credit, insurance or employment.") (citing 116 Cong. Rec. 36572 (1970)).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Plaintiff is a consumer and Defendants are consumer reporting agencies ("CRAs") within the meaning of the FCRA.  More specifically, Trans Union and TURSS operate as a single CRA.  Trans Union has structured itself so as to warehouse its sale of consumer reports in one entity, and its sale of, among other types of consumer reports, certain landlord-tenant purposed consumer reports in a second entity, TURSS.  Trans Union is the sole owner of TURSS and has substantial involvement in TURSS operations with respect to the production of, and the information included in, (a) consumer reports that TURSS sells, and (b) disclosure of information to consumers by TURSS.

**ANSWER**:      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

6.      This is a "mixed file" case.  A mixed file occurs when a CRA "mixes" information belonging to one consumer with the file of another consumer.  Here, because Defendants failed to maintain and/or follow reasonable procedures to assure the maximum possible accuracy of information in Plaintiff's credit file, Defendants mixed landlord-tenant screening records or information for another consumer into Plaintiff's credit file ("Mixed File Information").

**ANSWER**:      Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

7.     Specifically, because of the Mixed File Information, Defendants inaccurately published a consumer report stating that - pursuant to Civil Court of the City of New York, County of Kings, Housing Part, case No. LT-087030-14/KI, concerning 196 Rockaway PKWY [sic], Apt. 5D; Brooklyn, NY 11212 ("Eviction Proceeding") - Plaintiff fell under the dataset "New York Evictions."[1]

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8.     Because of Mixed File Information in the Report Defendants sold to real estate property management company Hudson Gilbert Inc. ("Hudson Gilbert") indicating that Plaintiff had been evicted from the Rockaway PKWY [sic] Apartment in the Eviction Proceeding, Plaintiff's application to lease an apartment on Fenimore Street ("Fenimore Street Apartment") in Brooklyn, New York was denied.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

---

[1] The Eviction Proceeding is referred to on the consumer report at issue ("Report") as case 2014K087030.

9.      In fact, Plaintiff never lived at 196 Rockaway PKWY [sic], Apt 5D ("Rockaway PKWY Apartment").  Nor has Plaintiff ever been evicted from housing or sued by a landlord for any reason.  Indeed, prior to the prior to the filing of this Complaint, Plaintiff has never been a party to a lawsuit of any kind.

**<u>ANSWER</u>**:      Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.      By selling a Report about Plaintiff containing derogatory Mixed File Information about Plaintiff's supposed eviction from the Rockaway PKWY Apartment, Defendants violated the § 1681e(b) of the FCRA (and an analogous provision of the NY FCRA) by failing to maintain and/or follow procedures to ensure the maximum possible accuracy of the information they reported about Plaintiff.

**<u>ANSWER</u>**:      Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

11.      As a direct and proximate result of Defendants' willful and/or negligent actions, conduct, and omissions, including but not necessarily limited to reporting of inaccurate derogatory Mixed File Information to Hudson Gilbert, Defendants [sic] (a) unlawfully disparaged Plaintiff's fiscal responsibility as a debtor, creditworthiness, and character, (b) thereby causing Plaintiff (i) to be denied an opportunity to relocate herself and her five children from a New York City public shelter to the Fenimore Street Apartment, and (ii) to suffer substantial anxiety and emotional distress, all of which are cognizable damages pursuant to the FCRA.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

12.     Defendants' willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Jurisdiction and Venue

13.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## The Parties

15.     Plaintiff, Kimberly Ann Thomas, is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)).  Plaintiff resides at 3003 Seagirt Avenue, Apartment 2, Far Rockaway, NY 11691.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

16.    Trans Union [sic] LLC is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.  Trans Union [sic] LLC is a Defendant, in its own name and in its capacity doing business as TransUnion Rental Screening Solutions, Inc.

**ANSWER**:    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

17.    TransUnion Rental Screening Solutions, Inc. is also a Defendant in its own name. TransUnion Rental Screening Solutions, Inc. is a private corporation and a wholly-owned subsidiary of Trans Union [sic] LLC, and maintains a principal place of business at 5889 South Greenwood Plaza Boulevard, Suite 201, Greenwood Village, Colorado.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**Factual Allegations**

*Trans Union's tenant-screening products*

18.    Trans Union's best-known product is conventional credit reporting.  However, through its subsidiary TURSS, Trans Union provides a product called SmartMove, an online tenant screening solution that enables landlords and real estate agents to screen rental applicants.  *See* https://www.transunion.com/product/smartmove.    In addition to providing tenant-screening reports via its SmartMove product through TURSS, Trans Union also provides tenant-screening

reports to landlords and property managers directly through its ResidentScreening product, which Trans Union offers through its CreditRetriever platform.

*See* https://residentscreening.transunion.com.

**ANSWER**:   Trans Union states that the webpage listed above speaks for itself.   As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

### Trans Union's SmartMove tenant-screening platform

19.    For its tenant-screening business through TURSS, Trans Union, markets its services as follows:

> **Great reports. Great convenience. Great tenants.**
>
> It used to be that accurate screening of tenants was only available for large property management companies. But TransUnion changed that with SmartMove—a convenient tenant screening service tailored for property owners who manage properties on a smaller scale.  Now property owners can get access to accurate credit, criminal and eviction histories on renters, and receive custom leasing recommendations in order to make quicker and better-informed decisions.
>
> SmartMove's patented tenant screening product allows renters to "push" credit reports directly to landlords, which enables credit screening while protecting consumer information.  Accounts can be created for free and reports delivered in a matter of minutes. And... it's completely paperless, as it's all processed online.
>
> SmartMove offers a convenient and reliable way to help ensure that landlords identify great tenants for their properties and renters have a secure way in which to pass their information.

*See* https://www.transunion.com/product/smartmove.

**ANSWER**:    Trans Union states that the website listed above speaks for itself.   As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.    Further, with respect to SmartMove, Trans Union touts the following "Product Highlights":

**Straight from the source**
One of the three nationwide consumer reporting agencies that tracks and reports consumer payment histories

**Reliable data**
Maintained and delivered in accordance with the FCRA

**Broad coverage**
Millions of records covering credit, criminal and evictions histories

**More accurate matching**
Advanced matching logic to match your rental applicants to our report histories

**Just for Tenant Screening**
Report types and formats are specific to helping you decide which rental applicant to choose

*See* https://www.transunion.com/product/smartmove

**ANSWER**:    Trans Union states that the website listed above speaks for itself.   As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

***Trans Union's ResidentScreeningplatform***

21.    ResidentScreening is another tenant-screening platform, which Trans Union offers directly to customers as part of its CreditRetriever product.   Trans Union markets its ResidentScreening platform as follows:

> The enhanced TransUnion ResidentScreening platform is:
>
> **FAST:** Screen applicants in just 60 seconds
>
> **SIMPLE:** Enter addresses with predictive address entry
>
> **EFFORTLESS:** Easily navigate screens
>
> **CLEAR:** Get clearer, more concise screening results

*See* https://residentscreening.transunion.com/

**ANSWER**:   Trans Union states that the website listed above speaks for itself.   As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22.    Further concerning its ResidentScreening platform, Trans Union states that it provides, among other things:

> **Full Eviction Coverage** Instantly access applicants' eviction history and trust TransUnion's data driven recommendation to predict future evictions
>
> **Comprehensive Compliance** Trust that your screening results are designed to comply with the Fair Credit Reporting Act and other laws

*See* https://www.transunion.com/product/resident-screening.

**ANSWER**:   Trans Union states that the website listed above speaks for itself.   As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

***Defendants are consumer reporting agencies under the FCRA***

23.     Defendants are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

**ANSWER**:     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

24.     The data and reports Defendants sell are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b, and the public records data included in each report bears on the credit history, creditworthiness, reputation, personal characteristics and mode of living of each respective consumer.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25.     Defendants' misattribution of the Eviction Proceeding to Plaintiff is a symptom of a systemic problem at Trans Union.  Trans Union is and has been aware of the extensive allegations of problems in its reporting of public record information, including the reporting of civil judgments, related to other consumers.  *See, e.g.,* Stipulation and Agreement of Settlement entered into between Trans Union and putative class representatives and related documents concerning settlement of class action claims against Trans Union concerning public record reporting.[2]

**ANSWER**:     Trans Union states that the documents identified at the specified website addresses referenced below in Footnote 2 speak for themselves.  Trans Union denies the remaining

---

[2] *See* (a) www.tupublicrecordsettlement.com/pdf/Settlement_Agreement.pdf (Stipulation and Agreement of Settlement of class action claims), and (b) www.tupublicrecordsettlement.com/pdf/Preliminary_Order.pdf (Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing for civil actions entitled *Carolyn Clark v. TransUnion. LLC.* United States District Court for the Eastern District of Virginia, Case No. 3:15-cv-000391 *and Olga Anderson, et al. v. TransUnion. LLC,* United States District Court for the Eastern District of Virginia, Case No. 3:16-cv-000558).

allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. Defendants in this action, as well as a host of other entities under the Trans Union umbrella, are integrated as a single national CRA (Defendant Trans Union LLC), with all databases marketed and made available to each of Trans Union's customers regardless of structure or category of content.  For example, a tenant screening user can obtain a single report through either the SmartMove or TenantScreening platforms that contain both credit reporting data and criminal history data.  Employer customers can receive all of the data in the public records database as well as the conventional credit history data.

**ANSWER**:    As Plaintiff's allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27.    Accordingly, Defendants operate collectively and jointly as a national "consumer reporting agency," as defined in section 1681a(f) of the FCRA. Defendants are therefore subject to the requirements of the FCRA and sell consumer reports about millions of consumers annually.

**ANSWER**:    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

***Mixed File Information reported by Defendants delayed Plaintiff and her children from moving out of a New York City public shelter***

28.     In or about January 2017, Plaintiff Kimberly Ann Thomas learned of the Eviction Proceeding after she applied for the Fenimore Street apartment through Hudson Gilbert.  Plaintiff's application was denied, pursuant to information disclosed to Plaintiff by a Hudson Gilbert agent, because inaccurate and derogatory Mixed File Information on a background check report prepared by Defendants incorrectly showed Plaintiff's name under "Dataset: New York Evictions," and listed the Rockaway PKWY [sic] Apartment and docket number of the Eviction Proceeding. Based on the Report, Hudson Gilbert informed Plaintiff that it could not approve Plaintiff for the Fenimore Street Apartment.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29.     At the time of Plaintiff's application for the Fenimore Street Apartment through Hudson Gilbert in January 2017, Plaintiff was attempting to relocate herself and her five children out of a public shelter operated by the City of New York at 882 Dumont Avenue, Brooklyn, NY 11207.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.     Upon information and belief, Hudson Gilbert was at all relevant times a party to an agreement with Defendants, pursuant to which Hudson Gilbert paid Defendants a fee to obtain

access to their SmartMove platform and/or Trans Union's direct ResidentScreening platform through its CreditRetriever product, to evaluate applicants for residential leasing.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.   Under the SmartMove and ResidentScreening platforms, Trans Union provides companies like Hudson Gilbert with a background search information concerning housing applicants like Plaintiff.

**ANSWER**:    As Plaintiff's allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

32.   In approximately January 2017, Defendants sold Hudson Gilbert the Report in connection with Plaintiff's application for the Fenimore Street Apartment.   The inaccurate and derogatory Mixed File Information on the Report, incorrectly showing Plaintiff's name under "Dataset: New York Evictions," listed the Rockaway PKWY [sic] Apartment and the docket number of the Eviction Proceeding.   The fact that Plaintiff appeared on the Report is the result of Defendants' mixing of the credit file of Plaintiff, Kimberly Ann Thomas, with the credit file of another individual with a similar name.   The Report was grossly defamatory and inaccurate.   As

stated above, Plaintiff was *not* a party to the Eviction Proceeding, and she has never been a party to any landlord-tenant dispute.

    <u>**ANSWER**</u>:   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

    33.    Because of the Report, Plaintiff was unable to relocate herself and her five children from the very difficult living conditions in a New York City public shelter at a time when, but for the Report, she could have relocated her family out of the shelter and into the Fenimore Street Apartment.

    <u>**ANSWER**</u>:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

    34.    By issuing a Report concerning Plaintiff with Mixed File Information concerning the Eviction Proceeding, Defendants failed to employ and/or follow reasonable procedures to comply with their duty under § 1681e(b) to assure the maximum possible accuracy of information they reported on consumer reports about Plaintiff.

    <u>**ANSWER**</u>:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.     Because Defendants sold the Report stating that Plaintiff was evicted from the Rockaway PKWY [sic] Apartment, Plaintiff suffered damage to her reputation for creditworthiness, emotional harm, stress and embarrassment.

**ANSWER**:     Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36.     Moreover, Plaintiff was compelled to spend substantial time taking steps to establish with Trans Union that she was not a party to the Eviction Proceeding.  Due to Plaintiff's efforts, Trans Union ultimately informed Plaintiff that its investigation had resulted in the removal of its record of the Eviction Proceeding from Defendants' database.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

37.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38.     At all times pertinent hereto, the acts and omissions in violation of the FCRA by Defendants, as well as their agents, servants and/or employees, were intentional, willful, reckless, and in wanton disregard for Plaintiff's rights.  As such, Defendants are liable for, among other relief, statutory damages, pecuniary and nonpecuniary actual damages, reasonable attorney's fees and costs, and punitive damages pursuant to FCRA § 1681n.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.     Alternatively, the acts and omissions in violation of the FCRA by Defendants, as well as their agents, servants and/or employees, was [sic] Defendants as well as their agents, servants and/or employees, were negligent.  As such, Defendants are liable for, among other relief, statutory damages, pecuniary and nonpecuniary actual damages, and reasonable attorney's fees and costs, pursuant to FCRA § 1681o.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FCRA § 1681e(b)**

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

41.     At all times pertinent hereto, Defendants were a [sic] "persons" and, together, a single "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

**ANSWER**:     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

42.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

43.     At all times pertinent hereto, the above-described Report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

44.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies concerning the maximum possible of information in consumer reports published to third-parties pursuant to 15 U.S.C. § 1681e(b).

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     The conduct of Defendants is a direct and proximate cause of, as well as a substantial factor in, bringing about serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above.  As a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF NY FCRA § 380-j(e)**

46.     Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

47.     Defendants violated the NY FCRA by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of Plaintiff's Report and credit files that Defendants published and maintained, in violation of § 380-j(e).

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.     These violations of § 380-j(e) were willful.  A [sic] such, Defendants are liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be

determined by the Court pursuant to § 380-l.  Plaintiff also is entitled to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.     In the alternative, Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m, as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1.     Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o and NY GBL §380-l and §380-m;

2.     Ordering Defendants:

a.     to immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Defendants report consumer credit information; and

b.      to send updated and corrected credit report information to all persons and entities to whom Defendants have reported inaccurate information about Plaintiff within the last three years;

3.      Enjoining Defendants from violating Plaintiff's NY FCRA rights; and

4.      Such other and further relief as may be necessary, just, and proper.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.     Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

**WHEREFORE**, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  December 10, 2018                          Respectfully submitted,


                                                 /s/ Camille R. Nicodemus
                                                 Camille R. Nicodemus, Esq. (NY# 2807451)
                                                 Schuckit & Associates, P.C.
                                                 4545 Northwestern Drive
                                                 Zionsville, IN  46077
                                                 Telephone:  (317) 363-2400
                                                 Fax:  (317) 363-2257
                                                 E-Mail:  cnicodemus@schuckitlaw.com

                                                 *Counsel for Defendant Trans Union, LLC
                                                 and Trans Union Rental Screening
                                                 Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **10th day of December, 2018**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Adam G. Singer, Esq.<br>asinger@adamsingerlaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **10th day of December, 2018**, properly addressed as follows:

| | |
|---|---|
| None | |

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq. (NY# 2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC and Trans Union Rental Screening Solutions, Inc.*